UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:09-00091

PAUL EDWARD WEBB, JR.


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On October 31, 2013, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Paul Edward Webb, Jr., appeared in person and by his counsel, Gregory J. Campbell, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a three-year term of supervised release in this action on October 19, 2010, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 1, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to report to the probation office as directed by the probation officer on September 18, 2012; March 8 and 14; May 7; June 5; July 1; August 9, 12 and 19, 2013; (2) the defendant failed to submit monthly reports for the months of August through December, 2012, and January through May, 2013, (3) the defendant failed to timely notify the probation officer of his change in residence as set forth in violation #2; (4) the defendant used and possessed controlled substances without a prescription as evidenced by a positive urine specimen submitted by him on July 31, 2013, for opiates and benzodiazepines and on September 26, 2013, for morphine, the defendant having also admitted to the probation officer on July 31, 2013, that he used Valium and morphine without a prescription; (5) the defendant failed to report for urine screens as directed on May 17 and 25, June 8 and 18, and July 13 and 27, 2012; (6) the defendant failed to attend counseling sessions as directed on October 19 and 23, and December 27, 2012, and failed to schedule further treatment sessions from January to July, 2013; and (7) the

2

defendant failed to pay restitution as directed by the court inasmuch as he was ordered to pay $200 per month toward the restitution indebtedness and as of the filing of the petition on August 28, 2013, had only paid $425; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4)

3

MONTHS, to be followed by a term of thirty-two (32) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that he (1) spend six (6) months in a community confinement center, preferably Dismas Charities, and follow the rules and regulations of the facility, (2) participate in the intensive outpatient drug abuse counseling and treatment at Pyramid, (3) participate in the six-week after-care program consisting of individual counseling at Prestera as directed by the probation officer, and (4) participate in mental health counseling and treatment at Prestera as directed by the probation officer.  If feasible, the defendant shall be transported directly from his place of incarceration to the community confinement center.  The court reimposes restitution in the amount of $16,627.36 and the defendant shall make payments as directed heretofore.

        The defendant was remanded to the custody of the United States Marshal.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  November 21, 2013

John T. Copenhaver, Jr.
United States District Judge